## Englewood Sash & Door Company, Defendant in Error, v. Maggie Goetzinger and Richard Stark, Plaintiffs in Error.

### Gen. No. 19,435.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*sufficiency of statement of facts*. Under section 23 of the Municipal Court Act, J. &. A. ¶ 3335, a statement of facts must include the facts appearing on the trial, the questions of law involved and the decision of the court upon such questions of law, and when presented to be signed should be certified as, or at least appear to be, correct.

2. MUNICIPAL COURT OF CHICAGO, § 26*—*when statement of facts insufficient*. A so-called statement of facts not certified to by the trial judge as correct and containing nothing more than a recitation of testimony of several witnesses, *held* not to constitute such a statement as is required by section 23, par. 6 of the Municipal Court Act, J. &. A. ¶ 3335.

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed May 19, 1914.

JOHN E. ERICKSON, for plaintiffs in error.

O. D. OLSON, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

The writ of error brings up for review a case in the Municipal Court of Chicago of the fourth class. All the assignments of error relate to proceedings at the trial, but they have not been properly preserved for review.

Section 23, par. 6, of the Municipal Court Act (J. & A. ¶ 3335), makes it the duty of the trial judge, in

cases of the fourth and fifth class, to sign, at the election of the party desiring to preserve matters for review, either a "correct stenographic report" or a "correct statement." It sets forth three things to be included in the latter: (1) "The facts appearing upon the trial"; (2) "all questions of law involved" in the case; and (3) "the decisions of the court upon such questions of law." Whichever is presented to be signed, it should be certified as, or at least appear to be, correct.

From the record before us it appears that each one of the three parties to the suit below, the plaintiff and two defendants, tendered to the court what is called therein "his statement of facts," and that the court signed each of them, no two of which are alike. A motion is made by defendant in error to strike each "statement" from the record. The trial judge did not certify that any one of them is "correct," and, as they are not alike, all cannot be. Certainly the statute does not contemplate that this court shall be required to decide for itself which one is correct, or be called upon to review as many "statements" as there are parties to the action.

But none of the statements contains what is specified in said section for inclusion in a statement, viz., the facts, the questions of law involved and the decisions of the court thereon. Each contains nothing more than a recitation of the testimony given by several witnesses; in other words, a summary of evidence rather than a statement of facts.

While the Municipal Court Act undertakes to designate methods of preserving matters for review in this court and makes a distinction between cases of the fourth and fifth classes (see section 23, J. & A. ¶ 3335,) and those of other classes (see sections 22 and 38, J. & A. ¶¶ 3334, 3350), we do not mean to be understood as holding that testimony heard in a case of the fourth or fifth class may not be preserved for review in narrative form as set forth in said statements. But testi-

mony from which facts are to be ascertained cannot be properly designated or certified to as "a statement of facts." Whatever the document be called, it should be certified to be what it really is. Not only is none of the statements in question the kind of statement contemplated by said section 23, but it is not a statement of facts at all, nor certified in form to be treated as a bill of exceptions. It presents nothing a court of review can recognize as a part of the record. The motion, therefore, to strike each of the so-called "statement of facts" from the record will be granted, and, as there is nothing left in the record on which error is predicated, there is nothing to review. The judgment must, therefore, be affirmed.

*Affirmed.*